## Spohn *v.* State.

### Opinion delivered July 12, 1926.

1. Homicide—sufficiency of evidence.—Evidence *held* sufficient to sustain a conviction of an assault with intent to kill.

2. Criminal law—improper testimony—withdrawal.—The prosecuting attorney's disclaimer of intent to elicit a statement from a witness, made by him without being asked, was in effect a withdrawal thereof.

3. Criminal law—motion to strike testimony.—A motion to "strike all this testimony, the defendant having objected and the court not having ruled," *held* insufficient to identify the testimony objected to.

4. Homicide—evidence.—In a trial for assault with intent to kill, the record of divorce proceedings between defendant's wife and the prosecuting witness *held* inadmissible.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Williams & Williams,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCulloch, C. J. Appellant was convicted of the crime of assault with intent to kill, committed upon the person of Henry Birks. Appellant admitted that he shot Birks with a gun and inflicted a severe wound upon the latter, but he claims that he acted in necessary self-defense. The testimony was conflicting, but was legally sufficient to sustain the verdict finding appellant guilty.

Appellant is the husband of Birks' divorced wife, and the shooting occurred at appellant's home in the city of Siloam Springs. There were two children of the

marriage between Birks and his former wife, and, after the divorce, these children remained in the possession of Birks a portion of the time, and were living with Birks at the time the shooting occurred. The children had been living with appellant's wife for some time prior to the shooting, and, on the morning that the shooting occurred, she and Birks met away from appellant's home and had a discussion about the amount Birks was to pay her for boarding the children. After some discussion, they went back to appellant's home to procure an article of clothing (shirt) of one of the children, and, while Birks was out in front of the house, the shooting occurred. Birks testified that, when he and his former wife reached the house of appellant, the woman went into the house to get the shirt, and brought it out and gave it to him, and that, just as he was rolling it up into a package and putting it into his pocket, appellant came out of the house with a shotgun and, without warning, fired upon him.

The contention of appellant is that Birks, when he came up to the house, made threats against him, and finally attacked him with a pocket-knife, and that he fired the shot in self-defense.

Error of the court is assigned in admitting incompetent testimony. It is contended that the court erroneously permitted Birks and other witnesses to testify concerning improper conduct between appellant and his wife before her divorce from Birks, and that they were permitted to testify concerning improper conduct after the divorce from Birks and before the marriage with appellant. The record shows that Birks testified, without objection from appellant, concerning the latter's conduct with the woman prior to the divorce and between the time of divorce and her intermarriage with appellant. Birks testified that appellant stayed around his house a great deal of the time while he and the woman were living together as husband and wife, and that appellant and the woman went off to Missouri and lived together prior to her divorce from the witness. There

was no objection made to this testimony—the only objection being made was to the statement of the witness concerning a conversation with the woman's father, Duncan. The statement came from the witness without a question being asked concerning the matter, and the prosecuting attorney disclaimed any intention to draw out this statement from the witness. There was, in effect, a withdrawal of that statement.

At the conclusion of the cross-examination of appellant, his attorneys interposed an objection to certain questions asked on cross-examination, and, according to the recitals of the record, moved the court to "strike all this testimony, the defendant having objected and the court not having ruled." The particular testimony referred to in the motion was not specified, and this was not a sufficient identification of the testimony referred to in the motion for a new trial.

Error of the court is also assigned in refusing to permit appellant to introduce in evidence the record of the divorce proceedings between appellant's wife and Birks. We are unable to discover any theory upon which this testimony would have been competent or relevant. The witnesses referred to the procurement of the divorce by appellant's wife from Birks, but the record of the divorce proceedings was purely collateral, and the contents threw no light on the question of appellant's guilt or innocence.

These are the only assignments of error, and our conclusion is that they are unfounded.

Judgment affirmed.